UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MISTY F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C21-5383-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the Commissioner's decision partially denying her applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1978, has an associate's degree in medical assisting, and last worked in 2013 as a medical assistant. AR 53, 74-75.

In October 2018, Plaintiff applied for benefits, alleging disability as of June 29, 2017. AR 291-316. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 209-17, 220-29. After the ALJ conducted a hearing in July 2020 (AR

32-58), the ALJ issued a decision finding Plaintiff disabled as of September 16, 2019, but not disabled before that date. AR 16-26.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Since the alleged onset date, Plaintiff has had the following severe impairments: polyarthritis, chronic myofascial pain syndrome (probable fibromyalgia), and mild degenerative disc disease. Since September 16, 2019, Plaintiff has also had a depressive disorder and an anxiety disorder.

**Step three**: Before September 16, 2019, Plaintiff's impairments did not meet or equal the requirements of a listed impairment.[2] Beginning on September 16, 2019, her mental impairments met Listings 12.04 and 12.06.

**Residual Functional Capacity ("RFC")**: Before September 16, 2019, Plaintiff could perform light work with additional limitations: she could not climb ladders, ropes, or scaffolds. She could occasionally perform postural activities, and needed to avoid concentrated exposure to extreme cold temperatures and hazards (such as unprotected heights and moving machinery).

**Step four**: Before September 16, 2019, Plaintiff could perform her past work as a medical assistant.

AR 16-26.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred (1) in finding that she did not meet or equal a listing before September 16, 2019; and (2) in failing to provide clear and convincing reasons to discount her testimony.[3] The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

---

[3] Plaintiff also argues that the ALJ's erroneous discounting of her testimony led to errors at steps four and five. Dkt. 15 at 17. The ALJ's decision does not include any step-five findings. *See* AR 16-26. But to the extent that Plaintiff contends that the ALJ's discounting of Plaintiff's testimony led to an error at step four, the Court finds that this assignment of error is enveloped in the challenge to the ALJ's assessment of Plaintiff's testimony and need not be addressed separately.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 3

**A.      Plaintiff Has Not Established the Existence of a Harmful Step-Three Error but the ALJ May Reconsider the Step-Three Findings on Remand**

At step three, the ALJ considers whether one or more of a claimant's impairments meet or medically equal an impairment listed in Appendix 1 to Subpart P of the regulations. "The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original; citations omitted).

Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). A mere diagnosis does not suffice to establish disability. *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). "'[An impairment] must also have the *findings* shown in the Listing of that impairment.'" *Id*. at 1549-50 (quoting § 404.1525(d); emphasis added in *Key*). To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan*, 493 U.S. 521, 530 (1990) (emphasis in original). "To equal a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); § 416.926 (a). *See also Sullivan*, 493 U.S. at 531(to establish equivalency, claimant "must present medical findings equal in severity to all the criteria" for the listing).

The equivalence finding must be based on medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). A showing that the "overall functional impact" of the claimant's impairment is as severe as a listed impairment does not suffice to establish equivalence. *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan*, 493 U.S. at 531).

In this case, Plaintiff argues that the ALJ's pre-September 16, 2019 step-three findings are inadequate because they do not explain why Plaintiff did not meet or equal a listing prior to the disability onset. Dkt. 15 at 4-5. The ALJ indicated that she gave "[s]pecial attention" to

"listing under 1.00 for the musculoskeletal system and 14.09 for rheumatoid arthritis[,]" and found that the record did not contain certain findings showing that Plaintiff met or equaled those listings, namely "persistent inflammation or persistent deformity of one or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively and the involvement of one major joint in each upper extremity resulting in inability to perform fine or gross manipulations effectively; and/or disorganization of motor function in two extremities." AR 20.

Although Plaintiff contends that the ALJ erred in ignoring her functioning and failing to cite any evidence (Dkt. 15 at 4), Plaintiff has not shown that she in fact met or equaled a listing before September 16, 2019, and thus has not shown that the ALJ harmfully erred at step three. *See Mannion v. Comm'r of Social Sec. Admin.*, 2017 WL 5598810 at *4 (D. Or. Nov. 21, 2017) ("Absent identification of some medical evidence by Plaintiff that he satisfies all the listing criteria—including the durational requirement—the ALJ's failure to discuss it is harmless error at best."); *Browning v. Astrue*, 2010 WL 1511667, at *6 (D. Ariz. Apr. 15, 2010) (". . . [E]ven if the ALJ's discussion at step three was insufficient as it relates to either the heart or spinal impairments, this error was harmless because . . . the record is devoid of evidence establishing that [the claimant's] impairments met or equaled any listed impairment, and [the claimant] points the Court to none.").

Plaintiff contends that, after reviewing the record, "it becomes clearly evident" that she meets or equals Listing 14.09D, but she never identifies the requirements of that listing and fails to show how the findings summarized in the briefing meet or equal those requirements. *See* Dkt. 15 at 7-9, 19 at 4-7. Likewise, Plaintiff has not explained why she cites evidence of nerve root compromise (Dkt. 15 at 5) as sufficient to satisfy Listing 1.04A, when the ALJ identified other unsatisfied criteria. *See* AR 20. Plaintiff has failed to meet her burden to show that the ALJ

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

erred in finding that the record did not contain evidence satisfying all of the requirements of listings under 1.00 or 14.09.

Plaintiff also contends that the ALJ erred in failing to consider whether her migraines met or equaled Listing 11.02 (Dkt. 19 at 4), but again fails to point to any evidence showing that she meets or equals the requirements of that listing. Accordingly, the Court finds that Plaintiff has not established harmful error in the ALJ's step-three findings with respect to migraines.

To the extent that the ALJ will reconsider Plaintiff's physical allegations on remand, for reasons explained *infra*, the ALJ may reconsider the step-three findings regarding Plaintiff's physical impairments. Plaintiff may also raise step-three arguments to the ALJ in the administrative proceedings, if she believes she meets or equals the requirements of a particular listing. Plaintiff has not identified any harmful step-three error in the ALJ's decision as currently formulated, however.

### B.     The ALJ Erred in Discounting Plaintiff's Physical Allegations

The ALJ summarized Plaintiff's allegations and explained that she discounted them because the objective medical evidence did not corroborate Plaintiff's allegations of disabling physical limitations. AR 20-22. The ALJ noted that all of Plaintiff's imaging of her joints has been unremarkable/negative, showing that she has at most mild degenerative disc disease. AR 21. The ALJ also cited unremarkable physical examination notes wherein Plaintiff reported improvement with medication and 4/10 pain, and the ability to sit, stand, and walk for 15-30 minutes at one time, and contended that the RFC assessment accounts for her alleged complaints. AR 21-22. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount Plaintiff's allegations. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff challenges the ALJ's assessment of her physical allegations, contending that evidence the ALJ cited was an insufficient basis to discount her fibromyalgia-related allegations because fibromyalgia would not be corroborated via imaging. Instead, Plaintiff points to findings of tender points upon examination, decreased range of motion, antalgic/shuffling gait, swelling, and numbness, and argues that this evidence corroborates her allegations. Dkt. 15 at 13-15 (citing AR 638, 640, 411-13, 415, 433, 437, 671, 742-44, 1376, 1380, 1426, 1431-32). The Court agrees with Plaintiff that the normal imaging cited by the ALJ does not undermine Plaintiff's complaints of fibromyalgia pain, and that normal imaging is insufficient basis on which to discount Plaintiff's fibromyalgia-related allegations. *See Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (explaining that fibromyalgia is not inconsistent with normal imaging such as x-rays and MRIs).

None of the ALJ's remaining rationale adequately addresses Plaintiff's fibromyalgia complaints, either. The ALJ did point to evidence of improvement in Plaintiff's arthritis complaints with Humira. *See* AR 21 (citing AR 1386, 1392, 1416, 61, 69). Humira did not resolve all of Plaintiff's pain, however. *See* AR 1427-33 (March 2020 treatment notes related to Plaintiff's report of pain), 1435 (Plaintiff reports improvement in her joint pain with Humira, but continued back pain). Furthermore, although the ALJ suggested that a treatment note casts doubt on Plaintiff's veracity because a provider described Plaintiff's deficits as "volitional" and indicated that her "subjective" numbness did not follow a dermatome pattern, the referenced treatment note does not include those findings. *See* AR 21 (referencing AR 1431[4]).

---

[4] This treatment note does, consistent with the ALJ's summary, posit that Plaintiff's motor deficits are "related to stiffness and lack of range of motion in the joints versus weakness." AR 1431. The entirety of the ALJ's summary of this treatment note suggests that the provider disbelieved Plaintiff's allegations, but the treatment note as written does not give that impression.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

The ALJ goes on to note that Plaintiff reported an ability to sit, stand, and walk for 15-30 minutes at a time, and states that the RFC assessment accommodates Plaintiff's alleged complaints, but the ALJ found Plaintiff capable of performing light work without reference to the 15-30-minute limitations that the ALJ purported to credit. *Compare* AR 20 *with* AR 21-22. The ALJ's RFC assessment is inconsistent with the sitting, standing, and walking limitations Plaintiff described and therefore does not fully account for Plaintiff's allegations

For all of these reasons, the Court finds that the ALJ improperly assessed Plaintiff's alleged physical limitations. The ALJ erred in focusing on objective support for Plaintiff's fibromyalgia limitations, further erred in mischaracterizing a treatment note, and failed to fully accommodate purportedly credited allegations as to Plaintiff's ability to sit, stand, and walk.

The Commissioner contends that the ALJ was not obligated to provide any reasons to discount Plaintiff's allegations because the record contained evidence of malingering, specifically the findings regarding symptom exaggeration. Dkt. 18 at 4-5. But because the ALJ herself found Plaintiff entitled to benefits to some degree, it does not appear that the ALJ construed the evidence of symptom exaggeration as affirmative evidence of malingering, and the Court declines to do so in the first instance. *See, e.g.*, *Austin v. Saul*, 818 F. App'x 725, 728 (9th Cir. Jul. 22, 2020) (declining to "equate a claimant's possible exaggerations regarding the severity of his symptoms with affirmative evidence of malingering" where the ALJ appeared to reject that interpretation). The Court finds that the ALJ did not satisfy the obligation to provide clear and convincing reasons to discount Plaintiff's testimony, which is reversible error.

The Court now turns to consider the appropriate remedy for this error. Plaintiff urges the Court to remand for a finding of disability, but the Court declines to do so. The evidence that Plaintiff magnified her psychological symptoms during an examination — evidence that was not

challenged by Plaintiff — raises serious doubts as to Plaintiff's eligibility for benefits. *See* AR 873-76. The record contains evidence of Plaintiff exaggerating symptoms during medical appointments as well. *See, e.g.*, AR 479 ("Patient has exaggerated symptoms and clinical exam does not correlate with the complaints."), 630 ("Initially she seemed somewhat altered however this mostly seemed volitional."), 956 ("Patient conversing with daughter normally prior to my entering the room, and then opens her mouth widely, looks at me and starts talking with extremely slow speech"), 1381 ("She states she is unable to move her feet, toes, or leg on her right side, however she is able to walk fairly well with a limp."). In light of this evidence inconsistent with a finding of disability, the Court exercises its discretion to remand for further administrative proceedings. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider Plaintiff's allegations of physical limitations and either credit them or provide legally sufficient reasons to discount them. In light of that reconsideration, the ALJ may revisit the step-three findings or any other part of the decision as necessary.

Dated this 10th day of January, 2022.

S. KATE VAUGHAN
United States Magistrate Judge